UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| MICHAEL LEE TURNER,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SSA,<br><br>    Defendant. | CIVIL ACTION NO. 6:23-62-KKC<br><br><br>**OPINION AND ORDER** |

*** *** ***

Plaintiff Michael Lee Turner brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision denying his claim for disability insurance benefits and supplemental security income. The Court, having reviewed the record, will affirm the Commissioner's decision.

This Court's review of the decision by the Administrative Law Judge ("ALJ") is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir.2009). The Court cannot reverse the ALJ "merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter, Commissioner of Social Security*, 246 F.3d 762, 772 (6th Cir.2001). If the ALJ's decision is supported by substantial evidence, it must be affirmed, even if this Court would have arrived at a different conclusion. *Elkins v. Secretary of Health and Human Services*, 658 F.2d 437, 439 (6th Cir.1981).

In denying Turner's claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Social Security Act (the "Act"). 20 C.F.R. § 404.1520(a)-(e). *See, e.g., Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

At step one, the ALJ determined that Turner, who was 39 at the time of the hearing before the ALJ (Administrative Record ("AR") at 51), has not engaged in substantial gainful activity since December 7, 2019. (AR at 20.)

At step two, the ALJ determined that Turner suffers from the following severe impairments: cervical degenerative disc disease; history of lumbago/lumbar disc displacement without myelopathy; status post right shoulder surgery; gout disorder; hypertension; sinus tachycardia; coronary artery disease; obesity; major depressive disorder; anxiety; and partial tear of the right shoulder rotator cuff. (AR at 20.)

At step three, the ALJ found that Turner does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR at 20.)

Before proceeding to step four, the ALJ determined that Turner has the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) with certain qualifications. (AR at 23-24.) Light work is defined as involving:

> Lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b)

The ALJ found the following qualifications to Turner's ability to perform light work:

- He can stand and/or walk for a total of 4 hours in an 8-hour workday.
- He can frequently climb ramps and stairs but can never climb ladders, ropes, or scaffolds.
- He can occasionally stoop and frequently kneel, crouch and crawl.
- He can frequently reach overhead with the left upper extremity and can occasionally reach overhead with the right upper extremity.
- He can frequently be exposed to extreme heat, extreme cold, humidity and vibration.
- He can have frequent concentrated exposure to atmospheric conditions as defined in the Selective Characteristics of Occupations of the Dictionary of Occupational Titles.
- He can occasionally be exposed to unprotected heights or dangerous moving machinery.
- He can have occasional interaction with coworkers, supervisors and the public.
- He can tolerate occasional workplace changes that are gradually introduced.

(AR at 23-24.)

At step four, the ALJ determined that Turner is unable to perform any past relevant work. (AR at 32.)

At step five, the ALJ determined that, considering the RFC described above and Turner's age, education, and work experience, there are jobs that exist in significant numbers in the national economy that Turner can perform and, thus, he is not disabled. (AR at 32.)

Turner argues that the ALJ disregarded a number of his severe impairments. Even if true, however, this is not grounds for reversal. As long as the ALJ finds *any* severe impairment, the ALJ must go on to consider the additional steps in the disability evaluation. *See Maziarz v. Secretary of Health & Human Services*, 837 F.2d 240, 244 (6th Cir. 1987). "And once an ALJ finds that a claimant has at least one severe impairment at step two of the disability analysis, the ALJ must then 'consider

3

the limiting effects of *all* [the claimant's] impairment(s), even those that are not severe' in evaluating the claimant's ability to work in step four." *Hedges v. Comm'r of Soc. Sec.*, 725 F. App'x 394, 395 (6th Cir. 2018) (citing 20 C.F.R. § 404.1545(e)). Here, the ALJ found that Turner had some severe impairments. "The fact that some of [the claimant's] impairments were not deemed to be severe at step two is therefore legally irrelevant." *Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008).

Turner also argues that the ALJ erred in disregarding the opinions of Savannah Wynn, APRN and George Damaa, M.D. Turner argues that the ALJ did not explain how she considered the factors of supportability and consistency for these opinions. The ALJ stated, however, that neither opinion was supported by or consistent with the objective medical evidence from other medical sources.

The ALJ found that Wynn's opinion was not supported by her own treatment notes. (AR at 30.) The Court has not located any treatment notes that support Wynn's restrictions on Turner's ability to work, and Turner does not point to any such notes in his motion. The ALJ also found that Wynn's opinion provided "minimal function-by-function analysis in terms of weight, duration, or frequency for certain actions and do not provide explanation for the limits described." (AR 30.) For example, Wynn indicated that Turner's ability to lift and carry was affected by his impairments but did not indicate the amount he could lift or carry or with what frequency he could do so. (AR 2808.) The ALJ correctly discounted that opinion as offering little to no assistance in developing an RFC. Finally, the ALJ discounted Wynn's opinion, finding that the greater limitations on Turner's ability to stand and walk were not supported by "otherwise normal examination findings regarding normal gait and station and only periodic indication of lower back pain without significant treatment or intervention." (AR at 30.) Turner does not point

4

to any objective medical evidence that would require the limitations on standing and walking set by Wynn.

As to Dr. Damaa, the ALJ correctly discounted his opinion because "it is not clear to what extent the proposed limitations are supported by Dr. Damaa's own opinions and to what extent they are merely a recitation of the claimant's subjective allegations." (AR 30.) For example, Dr. Damaa checked the space on the form indicating that Turner was "incapable of even 'low stress' jobs." However, he also wrote, "I could not answer this question. . . patient states 'the less stressful the better.'" (AR 2813.) Likewise, when asked what role stress had in bringing on Turner's symptoms, Dr. Damaa wrote "could not answer this question," but "per [patient]: "stressed out, crowded areas, noisy environments." (AR 2813.) When asked to estimate how many city blocks Turner could walk without rest, Dr. Damaa wrote, "one block per patient." (AR 2814.)

The ALJ also discounted Dr. Damaa's opinion because his limitations were "wholly inconsistent with the grossly normal physical examinations across the record that typically note intact abilities for strength, gait, and range of motion without obvious pain behavior or decreased gross and fine motor function." (AR 30.) As with APRN Wynn's opinion, Turner does not point to any objective medical evidence supporting Dr. Damaa's restrictions.

Finally, Turner argues that the ALJ erred in failing to adopt some of the limitations from a December 8, 2020 ALJ decision denying Turner disability benefits. The 2020 decision, however, was ultimately vacated by the Appeals Council. (AR 552.) Accordingly, the ALJ did not err in failing to adopt its limitations.

For all these reasons, the Court hereby ORDERS as follows:

1) Turner's motion for summary judgment (DE 10) is DENIED;

2) the Commissioner's motion for summary judgment (DE 14) is GRANTED; and

3) a judgment consistent with this opinion will be entered.

This 6th day of August, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY